January 31, 1992

IN THE SUPREME COURT OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

LUCKY DEVELOPMENT CO., LTD., )          APPEAL NO. 91-027
               Plaintiff, )      CIVIL ACTION NO. 90-828
                    )
        vs. )
                    )
TOKAI U.S.A., INC., et al., )
            Defendants, )                ORDER
                    )
        and )
                    )
THEODORE R. MITCHELL, )
      Respondent-Appellant. )
_____)

## Procedural History

Theodore R. Mitchell (hereafter Mitchell) filed an appeal from the Superior Court order of September 18, 1991, on October 1, 1991. On October 17, 1991, Tokai U.S.A., Inc. (hereafter Tokai) also filed an appeal from the same Superior Court order. Mitchell's appeal is No. 91-027. Tokai's appeal is No. 91-028.

On October 21, 1991, Mitchell moved to dismiss the appeal taken by Tokai, labelling Tokai's appeal as a "cross-appeal," on the ground that it was untimely filed. Tokai filed its response to the motion to dismiss on October 30, 1991. Its response was labelled "Response to Motion to Dismiss 'Cross-Appeal' of Tokai U.S.A., Inc." The caption on the response is the same as the caption on Mitchell's motion, except that the appeal number is

stated as 91-023. Mitchell noted the error to Tokai and the same response was re-filed on October 31, 1991, but this time with the correct appeal number of 91-027. Mitchell filed a motion for leave to file a reply to the response on November 18, 1991, attaching the proposed reply at the same time. The reply also requested that the Court strike Tokai's response because it was untimely filed.

The motion to dismiss was heard on January 10, 1992.

This order will address the motion for leave to file reply, the motion to strike the response, and the motion to dismiss, in this sequence.

### Motion for Leave to File Reply

Mitchell's motion for leave to file a reply is granted.

Mitchell correctly notes that this Court has previously allowed replies to be filed in cases before it, either through an order, or by simply accepting a reply filed by a party without a motion for leave to file the reply. We have allowed this procedure because it is in the best interest of all concerned that the Court be fully apprised on a case, before it rules on it.[1]

### Motion to Strike

We deny Mitchell's motion to strike the response of Tokai.

As we noted in Lucky Development Co., Ltd., v. Tokai U.S.A., Inc., No. 91-003, (N.M.I. April 16, 1991) ("Order Striking

---

[1]The Court notes the comment by Mitchell of the absence of a specific appellate rule regarding replies. Our rules are presently being reviewed for possible amendments. This matter is being considered in that review.

452

Opposition Memorandum and Denying Motion to Dismiss"), "R.App.Proc. 27(a) and (b) are confusing." In that order, we further noted that because of the confusion, we would not have stricken the opposition had it been filed timely under either (a) or (b). We only did so because it was untimely under either subsection.

In this case, the parties agree that only Rule 27(a) applies. Mitchell argues that the response was untimely filed because it was not filed within seven days after his motion to dismiss was filed. He argues that because his motion was filed on October 21, Tokai was required to file its response by October 28.

Tokai's argument is that Mitchell served his motion by mail, and pursuant to Rule 26(c), R.App.Proc., its response was timely filed on October 30.

Mitchell contends that Rule 26(c) does not apply since he served his motion by facsimile transmission and by U.S. mail. He argues that the facsimile transmission makes Rule 26(c) inapplicable. We disagree.

Our Rules of Appellate Procedure do not currently have any provision for filings by facsimile transmission. While the Court allows such filings, it has done so for the sake of convenience to parties. It would be unfair to say that a party would be bound by the time computation rule from the date of a facsimile transmission when we have no rule saying so. We are reluctant to make such a

rule through a case.[2]  While a party may file documents through facsimile transmission, as currently practiced, such filings should not be used as a basis to disregard, or countermand, the rule on computation of time.

## Motion to Dismiss

Mitchell's motion to dismiss is denied.

Rule 4(a)(1), R.App.Proc., in pertinent part, states as follows:

> In a civil case in which an appeal is permitted by law as of right from the Superior Court to this Court the notice of appeal required by Rule 3 shall be filed with the clerk of the Superior Court within 30 days after the date of entry of the judgment or order appealed from.

Rule 4(a)(3), R.App.Proc., further states that:

> If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days after the date on which the first notice of appeal was filed.

Mitchell contends that Rule 4(a)(3) modifies Rule 4(a)(1) and as such, Tokai's notice of appeal was untimely filed.  Since he filed his notice of appeal on October 1, Rule 4(a)(3) requires that Tokai file its notice of appeal within 14 days from October 1, i.e., it should have filed its notice of appeal on October 15.  Since Tokai filed its notice of appeal on October 17, it was two days late and therefore untimely.

---

[2]This subject is also being considered in the review of our rules.

Tokai counters by saying that Rule 4(a)(1) applies. It argues that Rule 4(a)(3) does not limit Rule 4(a)(1). As such, it had until October 18 to file its notice of appeal, i.e., the 30 day period from the order of September 18 is October 18. It argues that there are only two logical interpretations of Rule 4(a)(3). First, it contends that the omission of certain words from the comparable rule of the Appellate Division of the District Court for the Northern Mariana Islands was inadvertent.[3] Second, it contends that the drafters of the rule omitted the words as being unnecessary. It bolsters its argument by noting that Rule 4(a)(1) uses the word "shall" while Rule 4(a)(3) uses the word "may." This difference in words supports its argument that the 14 day period is additive to the 30 day period. It also went into the history of former Rule 73 of the Federal Rules of Civil Procedure in support of its argument.

We acknowledge that Rule 4(a)(3) is not as clear as it could be.[4] However, we think that it is clear enough, when read with Rule 4(a)(1).

Rule 4(a)(1) is clear when it states that the notice of appeal must be filed within 30 days of the date of the entry of judgment or order. We have determined this requirement to be "mandatory and

---

[3]The missing words from the rules of Appellate Division and the Federal Rules of Appellate Procedure are "or within the time otherwise prescribed by this Rule 4(a), whichever period last expires."

[4]This is another rule that is currently being reviewed.

jurisdictional." <u>Tudela v. Marianas Public Land Corporation</u>, No. 90-011, 1 N.Mar.I. 122, 125 (June 7, 1990). Every party has this right.

We will not construe Rule 4(a)(3) as limiting such right. One party cannot have 30 days in which to file an appeal, and another party less. Rule 4(a)(3) should be read together with Rule 4(a)(1).

The 14 day requirement in Rule 4(a)(3) makes sense only if it is interpreted as giving a party a minimum of 14 days in which to file an appeal if another party has already filed an appeal and the first appeal was filed during the last 14 days of the original 30 day period. There are times when a party decides to file a notice of appeal at the last minute of the 30 day period. If such occurs, the other parties should have the opportunity to file an appeal.

We interpret Rule 4(a)(1) & (3) as stating that every party has a minimum of 30 days to file an appeal. Once a party has filed a timely notice of appeal, all other parties have either the balance of 30 days, or 14 days, whichever is greater.

Our decision is in line with what we stated in <u>Lucky Development Co., Ltd. v. Tokai U.S.A., Inc.</u>, <u>supra</u>. Our rules of appellate procedure "should never be used as a game of skill." <u>Id.</u> at 5. If we were to adopt the interpretation of Mitchell, we would be allowing our rules to be used as a game of skill. A party might use Rule 4(a)(3) against an unwary party and effectively cut off such party's right of appeal. This would be neither fair nor

warranted.

Our decision is further in line with what we stated in Commonwealth Ports Authority v. Hakubotan Saipan Enterprises, Inc., No. 90-005 (Aug. 8, 1991). We should avoid interpretations of our rules "which would defy common sense [or] lead to absurd results." Id. at 11. To place a restriction on the mandatory 30 day period does not lend to common sense.

## Consolidation

In view of the Court's decision not to dismiss Tokai's appeal, the Court will exercise its authority under Rule 3(b), R.App.Proc., and order the consolidation of Appeal No. 91-27[5] with Appeal No. 91-28.

## Order

It is hereby ORDERED that:

1. Mitchell's motion for leave to file a reply is GRANTED;

2. Mitchell's motion to strike Tokai's response to his motion to dismiss is DENIED;

3. Mitchell's motion to dismiss Tokai's appeal is DENIED;

4. Appeal No. 91-28 is consolidated with the previous consolidation of Appeal No. 91-024 and Appeal No. 91-027;

---

[5]Appeal No. 91-27 has previously been consolidated with Appeal No. 91-24. This additional consolidation will include Appeal No. 91-28 with the previous consolidation.

and

5. The briefing schedule of the parties shall be as follows:

   a. Mitchell shall file his brief on February 13, as currently scheduled;

   b. Tokai shall file and serve its brief, both in response to Mitchell's brief and in support of its own appeal, within 40 days of the filing and service of Mitchell's brief;

   c. Mitchell shall file and serve his reply brief and his response to Tokai's brief within 30 days of the filing and service of Tokai's brief; and

   d. Tokai shall file and serve its reply to Mitchell's response within 14 days of the filing and service of Mitchell's response.

Dated at Saipan, MP this _3/st_ day of January 1992.

Jose S. Dela Cruz
Chief Justice

Ramon G. Villagomez
Associate Justice

Jesus C. Borja
Associate Justice